IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **LIBERTARIAN NAT'L COMMITTEE, INC.,**<br><br>　Plaintiff,<br><br>　v.<br><br>**ROBERT KLOR DEAN,**<br><br>　Defendant. | **CIVIL ACTION NO.: 3:23-cv-155**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR TRADEMARK INFRINGEMENT AND
### OTHER LANHAM ACT VIOLATIONS UNDER 15 U.S.C. §§ 1114, 1125

　　This is an action under the laws of the United States, Title 15 of the United States Code, for trademark infringement, false designation of origin, false advertising, unfair competition, passing off, and unjust enrichment under 15 U.S.C. §§ 1114, and 1125(a)(1)(A) and (B), in which plaintiff Libertarian Nat'l Committee, Inc. ("LNC" or "Plaintiff"), makes the following allegations against Robert Klor Dean ("Dean" or "Defendant").

### PARTIES

　　1.　　Plaintiff LNC is a District of Columbia Corporation, having its primary office at 1444 Duke St, Alexandria, VA, 22314.

　　2.　　Defendant Robert Klor Dean ("Dean") is an individual residing within Virginia. Upon information and belief, Dean resides at 1204 Shawn Drive, Virginia Beach, VA, 23453.

### JURISDICTION AND VENUE

　　3.　　This action arises under the commerce and trade laws of the United States, Title 15 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.

　　4.　　Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1)&(2).

## FACTS COMMON TO ALL CLAIMS

5. Plaintiff has registered a number of trademarks ("Trademarks") with the USPTO that are associated and identified with its national and local political activities and affiliations.

6. Plaintiff Trademarks include the federally registered trademark rights to "Libertarian Party" (USPTO Reg. No. 2,423,459):



This mark has been in use in commerce at least since January of 1972.

7. Plaintiff Trademarks include the federally registered trademark rights to "The Party of Principle" (USPTO Reg. No. 2,423,458):



This mark has been in use in commerce at least since 1974.

  8. Plaintiff Trademarks include the federally registered trademark rights to the "Libertarian" logo (USPTO Reg. No. 6,037,046):



This mark has been in use in commerce at least since 2015.

  9. The Plaintiff actively uses the Trademarks in commerce now:



[3]

10. In December of 2020, Defendant formed the "Tidewater Libertarian Party" as a Virginia Nonstock Corporation, listing himself as the Officer:



Defendant updated this registration as of February of 2022, and this registration still shows as "Active" currently.

11. Also in December of 2020, upon information and belief, Defendant formed various social media pages using the name "Tidewater Libertarian Party." For example, Defendant formed a group on Facebook titled "Tidewater Libertarian Party":



12. Previously, Defendant had been using in Plaintiff's federally registered Trademarks to promote and conduct public meetings of his group, in spite of the fact that he had no license or authorization from Plaintiff to do so:



13. On April 27, 2021, Plaintiff sent Dean a letter ("First Letter") summarizing Dean's unauthorized uses of Plaintiff's Trademarks – demanding that Dean cease and desist from his infringing uses and putting him on notice of his infringement. *See* Exhibit A. The First Letter also described the Dean's infringing use of Plaintiff's copyright material on his "Tidewater Libertarian Party."

14. Thereafter, Plaintiff continued to monitor and investigate the matter. Dean did not cease and desist from his unauthorized and infringing uses of Plaintiff's Trademarks. In fact, Dean continued to misrepresent himself, his activities, and his organizations by unauthorized and infringing uses of Plaintiff's Trademarks. Examples of such continued, and additional, unauthorized and infringing uses of Plaintiff's Trademarks were summarized in a second cease and desist letter ("Second Letter") sent to Dean on June 3, 2022. *See* Exhibit B.

15. Dean's infringements identified in the Second Letter included, but were not limited to, Dean's active registration of "Tidewater Libertarian Party" as a Virginia Nonstock Corporation, listing himself as the Officer:



This registration remains active to this day.

16. Dean's infringements identified in the Second Letter included, but were not limited to, Dean's registration of "Libertarian Party of Tidewater" as a Fictitious Name in Virginia, listing himself as the Applicant:



This registration remains active to this day.

17. Dean's infringements identified in the Second Letter included, but were not limited to, Dean's registration of "Libertarian Party of Hampton Roads" as a Fictitious Name in Virginia, listing himself as the Applicant:



This registration remains active to this day.

18. Dean's infringements identified in the Second Letter included, but were not limited to, Dean's registration of "Libertarian Party of Hampton Roads" as a Fictitious Name in Virginia, listing himself as the Applicant:



This registration remains active to this day.

19. Dean's infringements identified in the Second Letter included, but were not limited to, Dean's continued representation of himself as the "chair of the Tidewater Libertarian Party" in an article appearing on a Richmond, VA news channel's (WAVY, Channel 10) website, published on February 7, 2022.



20. These examples listed in the Second Letter were clearly identified as illustrative, but not exhaustive, examples of Dean's continued, and additional, unauthorized and infringing uses of Plaintiff's Trademarks after the First Letter. The Second Letter concluded by instructing Dean:

> You are to immediately **cease and desist** all communications, displays, publications, registrations, and other related business activities that use – in any way – the "Libertarian Party" or "Libertarian party." This includes permanently terminating the Virginia state registrations listed above, and removing the Facebook group page (completely) – in addition to you no longer using "Libertarian Party" or "Libertarian party" in your own personal identification or identification of groups that you are affiliated with.
>
> You have until June 10, 2022 to submit documentation to this firm verifying that you have completely ceased the use of "Libertarian Party" or "Libertarian party" in any and all online or business related publications or activities.

21. To date, no such communication or documentation has been received from Dean, and Dean continues to openly and defiantly infringe the Plaintiff's Trademarks.

22. Even now, Dean continues his unauthorized and infringing uses of Plaintiff's Trademarks on his personal social media accounts:



23.     Dean's continued unauthorized and infringing uses of Plaintiff's Trademarks on his personal social media accounts includes the promotion of public meetings, that include involvement of candidates for political office as recently as August of 2022:




[10]

24. Dean continues his unauthorized and infringing uses of Plaintiff's Trademarks to organize, promote, and/or participate in public meetings – as recently as December 3, 2022:



25. Upon information and belief, Dean has taken money from individuals as "membership dues" for his infringing "Tidewater Libertarian Party," and took receipt of other funds from individuals related thereto.

26. Plaintiff has received complaints regarding the same – wherein individuals contact Plaintiff to inquire about non-existent memberships in the LNC or the "Libertarian Party," and are upset that they've paid money but have no membership with the Plaintiff.

**COUNT I**

**FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

27. Plaintiff herein restates herein restates and incorporates by reference paragraphs 5 – 26, above.

28. Plaintiff LNC is the exclusive owner and registrant of Plaintiff's Trademarks.

29. Plaintiff's registrations of the Trademarks at the USPTO are valid and active, and in full force and effect.

30. Plaintiff has used, and continues to use, its registered Trademarks in commerce.

31. Defendant Dean has, without the consent of the Plaintiff, used the Trademarks, reproductions of the Trademarks, counterfeits of the Trademarks, copies of the Trademarks, and/or colorable imitations of the Trademarks in commerce ("Dean's Infringing Uses") – which include, but are not limited to, applying such to signs and advertisements.

32. Dean's Infringing Uses have been in connection with repeated and continuous distribution, advertising, registration, and publication of information and materials containing references to "Libertarian Party" and "The Party of Principle" and using the Libertarian Party logo.

33. Dean's Infringing Uses of Plaintiff's Trademarks occurred, and occur, in related commercial fields for related commercial services (*e.g*., political party communications, political party activities, political press activity, political candidate screenings and endorsements, to name a few).

34. Dean's Infringing Uses of Plaintiff's Trademarks include Dean receiving money from individuals – by misleading and deceiving those individuals as to Dean's relationship, affiliation or sponsorship with or by Plaintiff, using Plaintiff's Trademarks.

35. Dean's Infringing Uses of Plaintiff's Trademarks – especially when considered in light of his knowing and defiant continued uses – have been intentional, presumably to create a false impression of affiliation, authorization or sponsorship.

36. Dean's Infringing Uses have therefore been, and are, likely to cause confusion or mistake as Dean's association, affiliation or relationship with Plaintiff. Such confusion or mistake is probable, given the relatedness of Dean's Infringing Uses.

37. Dean's Infringing Uses and willful conduct in relation thereto constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

38. Plaintiff has been, and will continue harmed by Dean's Infringing Uses. Dean's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by this Court.

39. As a result of Dean's conduct, Plaintiff has been harmed and is entitled to damages, including but not limited to, actual damages, statutory damages, treble damages, and corrective advertising damages.

40. The harm caused to Plaintiff's business, goodwill, reputation, and finances are a direct and proximate result of Dean's intentional, deliberate, and willful use of Plaintiff's Trademarks in an infringing manner.

41. The intentional, deliberate, and willful actions of Defendant render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

42. The damage caused to Plaintiff by Defendant cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Defendant is enjoined from such conduct.

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)(1)(A)

43. Plaintiff herein restates and incorporates by reference paragraphs 5 – 42, above.

44. Defendant Dean has, without the consent of the Plaintiff, used the Trademarks – including, but not limited to, words, terms, names, symbols, and combinations thereof.

45. Defendant Dean has, without the consent of the Plaintiff, used the Trademarks in false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, regarding the Trademarks.

46. Dean's unlawful usage of Plaintiff's Trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Dean or his activities with the Plaintiff.

47. Dean's unlawful usage of Plaintiff's Trademarks is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of his commercial activities by the Plaintiff.

48. Dean's unlawful usage of Plaintiff's Trademarks has caused confusion, mistake and deception as to the origin, sponsorship, or approval of his commercial activities by the Plaintiff.

49. Dean's Infringing Uses of Plaintiff's Trademarks include Dean receiving money from individuals – by misleading and deceiving those individuals as to Dean's relationship, affiliation or sponsorship with or by Plaintiff, using Plaintiff's Trademarks.

50. Dean's unlawful usage of Plaintiff's Trademarks is willful and deliberate.

51. Dean has acted purposefully to create a false or misleading association in order to trade off of the extensive goodwill that Plaintiff's Trademarks have established.

52. Dean's unlawful usage of Plaintiff's Trademarks and willful conduct in relation thereto constitute false designation of origin, false descriptions, and dilution of the Trademarks in violation of 15 U.S.C. § 1125(a)(1)(A).

53. Plaintiff has been, and will continue harmed by Dean's unlawful usage of Plaintiff's Trademarks. Dean's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by this Court.

54. As a result of Dean's unlawful usage of Plaintiff's Trademarks, Plaintiff has been harmed and is entitled to damages, including but not limited to, actual damages, statutory damages, treble damages, and corrective advertising damages.

55. The harm caused to Plaintiff's business, goodwill, reputation, and finances are a direct and proximate result of Dean's intentional, deliberate, and willful misuse of Plaintiff's Trademarks in an unlawful manner.

56. The intentional, deliberate, and willful actions of Dean render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

57. The damage caused to Plaintiff by Dean cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Dean is enjoined from such conduct.

## COUNT III
## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B)

58. Plaintiff herein restates and incorporates by reference paragraphs 5 – 57, above.

59. Defendant Dean has, without the consent of the Plaintiff, used the Trademarks – including, but not limited to, words, terms, names, symbols, and combinations thereof.

60. Defendant Dean has, without the consent of the Plaintiff, used the Trademarks in false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, regarding the Trademarks.

61. Defendant Dean has, without the consent of the Plaintiff, used the Trademarks in commercial advertising and promotion.

62. Dean's unlawful usage of Plaintiff's Trademarks in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of his commercial activities.

63. Dean's unlawful usage of Plaintiff's Trademarks has caused confusion, mistake and deception as to the origin, sponsorship, or approval of his commercial activities by the Plaintiff.

64. Dean's Infringing Uses of Plaintiff's Trademarks include Dean receiving money from individuals – by misleading and deceiving those individuals as to Dean's relationship, affiliation or sponsorship with or by Plaintiff, using Plaintiff's Trademarks.

65. Dean's unlawful usage of Plaintiff's Trademarks is willful and deliberate.

66. Dean has acted purposefully to falsely advertise and promote his activities in order to trade off of the extensive goodwill that Plaintiff's Trademarks have established.

67. Dean's unlawful usage of Plaintiff's Trademarks and willful conduct in relation thereto constitute false advertising of the Trademarks in violation of 15 U.S.C. § 1125(a)(1)(B).

68. Plaintiff has been, and will continue harmed by Dean's unlawful usage of Plaintiff's Trademarks. Dean's conduct has irreparably harmed Plaintiff, and will continue to do so unless enjoined by this Court.

69. As a result of Dean's unlawful usage of Plaintiff's Trademarks, Plaintiff has been harmed and is entitled to damages, including but not limited to, actual damages, statutory damages, treble damages, and corrective advertising damages.

70. The harm caused to Plaintiff's business, goodwill, reputation, and finances are a direct and proximate result of Dean's intentional, deliberate, and willful misuse of Plaintiff's Trademarks in an unlawful manner.

71. The intentional, deliberate, and willful actions of Dean render this an exceptional case, entitling Plaintiff to enhanced damages and an award of attorney's fees and costs associated with the action pursuant to 15 U.S.C. § 1117(a).

72. The damage caused to Plaintiff by Dean cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Dean is enjoined from such conduct.

## COUNT IV
## INJUNCTIVE RELIEF UNDER 15 U.S.C. § 1116(a)

73. Plaintiff herein restates and incorporates by reference paragraphs 5 – 72, above.

74. Plaintiff has shown, herein, that Defendant Dean has unlawfully used Plaintiff's Trademarks in violation of 15 U.S.C. §§ 1114, 1125(a)(1)(A) and 1125(a)(1)(B).

75. Plaintiff has shown, herein, that Dean's infringement of Plaintiff's Trademarks is willful, deliberate and ongoing.

76. Plaintiff has shown, herein, that Plaintiff has been, and will continue to be, harmed by Dean's infringement of Plaintiff's Trademarks.

77. Plaintiff has shown, herein, that Plaintiff has been irreparably harmed by Dean's infringement of Plaintiff's Trademark, and that Dean will continue to do so unless enjoined by this Court.

78. The damages caused to Plaintiff by Dean cannot be fully measured or compensated for in economic terms. Such irreparable harm will continue unless Dean is enjoined from such conduct.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

    a.    A judgment in favor of Plaintiff that Defendant intentionally violated 15 U.S.C. § 1114;

    b.    A judgment in favor of Plaintiff that Defendant intentionally violated 15 U.S.C. § 1125(a)(1)(A);

    c.    A judgment in favor of Plaintiff that Defendant intentionally violated 15 U.S.C. § 1125(a)(1)(B);

    d.    A judgment and order requiring Defendant to pay Plaintiff monetary damages – in an amount to be determined at trial – in addition to awarding Plaintiff's' attorney's fees, costs, expenses, enhanced and/or exemplary damages, and pre-judgment and post-judgment interest;

    e.    A permanent injunction enjoining Defendant and other acting in concert with Defendant from using, advertising or publicizing any information that includes or refers to Plaintiff's Trademarks; and

    f.    Any and all other relief to which Plaintiff may show itself to be entitled.

March 2, 2023                              Respectfully Submitted,

                                        **SILVERMAN THEOLOGOU LLP**

                                        _/s/ Douglas R. Blecki, Jr_
Douglas R. Blecki, Jr., Esq.
Virginia Bar No. 79543
9097 Atlee Station Road, #218
Mechanicsville, VA 23116
Telephone: 301-468-4990
Email: dblecki@silvermanlegal.com

**FRESH IP PLC**
Ronald Burns, Esq. (*pro hac vice* forthcoming)
Lead Counsel
5900 South Lake Forest Drive, Suite 300
McKinney, TX 75070
Telephone: (972) 632-9009
ron@freship.com

**ATTORNEYS FOR PLAINTIFF
LIBERTARIAN NAT'L COMMITTEE**