IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **LIBERTARIAN NAT'L COMMITTEE, INC.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**ROBERT KLOR DEAN,**<br><br>    **Defendant.** | **CIVIL ACTION NO.: 3:23-cv-155**<br><br>**JURY TRIAL DEMANDED** |

**OPPOSITION TO MOTION TO DISMISS**

Plaintiff files this Opposition to Defendant's Notice and Motion to Dismiss.

The Motion should be denied for failure to comply with parts A and F of Local Rule 7.

The motion should also be denied because it fails to provide any support or any reasoning for any sort of relief.

The Motion does not comply with Local Rule 7(A). There are no "grounds for relief" set forth in the two page motion filed by Defendant Dean. Although the document sets forth eleven numbered paragraphs, each setting forth a purported fact, there is no explanation as to why these facts set forth form a basis for any particular relief. In addition, none of the facts set forth are supported by evidence nor even verified by any declaration. None of the facts set forth can be considered by the Court, they are merely allegations or contentions.

Defendant's paper appears to seek dismissal (¶1 - failure to name proper party; ¶¶2 & 9 - moot; or ¶6 - lack of damages), or partial dismissal ¶8, as well as transfer ¶11 or unclean hands ¶3. In addition it also appears to seek summary determination (¶10).    None of these issues are raised as a proper grounds for relief with any discussion explanation case law, reasoning or support.

Without a clear statement of the relief sought, and reasons in support, it is not possible for Plaintiff to properly respond, nor would it be possible for the Court to fashion an appropriate relief.

The Motion does not comply with Local Rule 7(F)(1), which requires that:

> All motions, unless otherwise directed by the Court and except as noted herein below in subsection 7(F)(2), shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies.

There is, in fact, no brief at all.   There is no concise statement of facts, no supporting reasons, and no citation of authority.   Defendants motion is simply an answer to the Complaint in this action, setting forth Defendant's position on the issues raised in the Complaint.

Defendants Motion to Dismiss should be denied without prejudice to re-file in compliance with Local Rule 7.

RESPONSE TO MOTION PARAGRAPHS:

Despite the lack of proper form, support or reasoning, and to the best of the ability of Plaintiff's counsel to understand the issues raised but not briefed, Plaintiff provides the below response to the paragraphs of Defendants paper.

> 1. The named Defendant is not a proper Defendant in that Robert Klor Dean is an individual. The entity, Tidewater Libertarian Party, would be the proper Defendant for such action.

Mr. Dean is the individual that established the "Tidewater Libertarian Party" entity as a non-stock corporation in Virginia as the sole officer of that corporation.   His actions in setting up that corporation make him personally responsible for filing documents that appropriated Plaintiff's trademarks, for disseminating information using Plaintiff's trademarks and for ignoring

Plaintiff's cease and desist letters.   Defendant Dean has not provided any legal reason for why he is not personally responsible for his own actions nor why he is not personally responsible for the actions of the non-stock corporation as its sole officer.   Mr. Dean simply makes the summary assertion that he is not the proper party.   He cites no case law in support of this conclusory statement.

Mr. Dean also ignores the additional factual assertions of the Complaint, including the assertion that Mr. Dean personally registered the fictitious names "Libertarian Party of Tidewater" "Libertarian Party of Hampton Roads" and "Libertarian Party of Virginia" listing himself, not the corporation, as the owner (Complaint ¶¶16, 17 and 18).   Defendant Dean has also personally held himself out to the public using the "Libertarian Party" trademark in public appearances, articles, speeches and news appearances.

Defendant Dean cannot hide behind a shell corporate entity.

> 2. The Defendant has taken all of the steps requested by the Plaintiff regarding using, advertising or publicizing any information that includes or refers to Plaintiff's Trademarks, thereby making this case moot.

Mr. Dean has provided no support for this assertion and in fact it is not true nor accurate. As a fact in dispute, it cannot be the basis for a motion to dismiss.   In addition, as an unsupported fact without even a declaration as to its accuracy, it cannot be considered by the Court on a motion to dismiss.   Even if accurate, the fact of discontinued use would not preclude a claim for damages for past infringement nor preclude the entry of an injunction to preclude future infringement, thus as such, the alleged facts would not render this matter moot.

> 3. James St. John was the Secretary, an officer, in the Tidewater Libertarian Party. Mr. St. John failed to file the required paperwork for continuing affiliation in the National Party (the Plaintiff), and then hand delivered the cease-desist letter on behalf of the Virginia Libertarian Party, therefore the Plaintiff comes to this court with unclean hands.

Again, Mr. Dean has provided no support for this assertion and in fact it is not true nor accurate. As a fact in dispute, it cannot be the basis for a motion to dismiss. In addition, as an unsupported fact without even a declaration as to its accuracy, it cannot be considered by the Court on a motion to dismiss. Even if accurate, the alleged facts do not amount to unclean hands. Defendant Dean has not provided any legal reason for why his factual assertion, if true, would create unclean hands, nor has he stated what effect, if any, such unclean hands would have on the assertions of the Complaint. Mr. Dean simply makes the summary assertion that the facts give rise to unclean hands and does not request any specific relief therefrom. He also cites no case law in support of this conclusory statement.

> 4. As a registered affiliate of the Libertarian Party of Virginia, the Tidewater Libertarian Party was to be notified that a meeting and vote of the State Central Committee members for removal of its affiliation. Such notice was never provided to the Tidewater Libertarian Party, or that such a meeting and vote ever took place.

Again, Mr. Dean has provided no support for this assertion and in fact it is not true nor accurate. As a fact in dispute, it cannot be the basis for a motion to dismiss. In addition, as an unsupported fact without even a declaration as to its accuracy, it cannot be considered by the Court on a motion to dismiss. There is no stated relationship between this asserted fact and any relief sought, thus Plaintiff cannot provide any argument as to its relevance.

> 5. Rather than causing damage or harm, the Defendant has enhanced the goodwill and reputation (Paragraph 70 of the complaint) as described in the exhibit that begins "On January 11, 2014" submitted as part of Defendant's original answer which began "Dear Judge Young".

Again, Mr. Dean has provided no support for this assertion and in fact it is not true nor accurate.   As a fact in dispute, it cannot be the basis for a motion to dismiss.   In addition, as an unsupported fact without even a declaration as to its accuracy, it cannot be considered by the Court on a motion to dismiss. There is no stated relationship between this asserted fact and any relief sought, thus Plaintiff cannot provide any argument as to its relevance.   In addition, "enhanced goodwill" is not a defense to trademark infringement, especially "enhanced goodwill" in the opinion of the infringer.   Mr. Dean makes no citation of case law supporting any theory of relevance.

> 6. 12(b)(6) Plaintiff admits that damages "cannot be fully measured." (Paragraphs 42, 57, 72 and 78 of the Complaint) therefore the Plaintiff has failed to state a claim on which relief can be granted.

This legal theory is simply incorrect.   The assertion that "damages cannot be fully measured" is not an admission of no damages, to the contrary the assertion is an admission of damages and that the extent of damages is immeasurable, thus providing a reason for the need for an injunction.

> 7. The Plaintiff has failed to comply with the Initial Scheduling Order of this Court to conduct a Rule 26(f) discovery planning conference, nor has an exchange of initial disclosures occurred pursuant to Federal Rule of Civil Procedure 26(a).

Plaintiff's counsel has reached out to Defendant, last week, to attempt to conduct a Rule

26 Conference.   However, Defendant has failed to respond.

> 8. Count II should be dismissed as the Statute of Limitations has passed. Unfair competition has a two-year statute of limitations. The Plaintiff has acknowledged awareness prior to April 14, 2021.

The Complaint was filed on March 2, 2023.    Plaintiff alleges knowledge on April 27, 2021, less than two years prior to the filing of the suit.   Defendant's facts are simply inaccurate.  Defendant has failed to cite any statute nor any case law in support of his two year statute of limitations and has failed to provide any reasoning or legal support for his assertion that Count II would fall under any statutory bar.    Count II is brought as unfair competition under Federal law, under the Lanhan Act 15 USC §1125(a).   The Lanham Act contains not Statute of Limitations.

Defendants conclusory and inaccurate statement, referencing a non existing statute of limitations, cannot suffice to support a motion for dismissal.

> 9. The Plaintiff has failed to comply with the Order of this Court dated May 16, 2023 to file a Status Report addressing whether Defendant's representations regarding the actions of the Tidewater Libertarian Party render the case and controversy before the court moot, WHICH THEY WOULD.

The parties have been engaged in resolution discussions for the past month and had hoped this matter would resolve without the need for determinations by the Court, including venue.   As Defendant is well aware, the issues of Defendant's use of Plaintiff's federally registered trademarks have not been resolved.   Defendant's actions subsequent to the service of the Complaint have not addressed the issues in the Complaint.   In fact, Defendant continues to

6

insist on the continued use of "Libertarian Partners" which is believed to be confusingly similar to Plaintiff's Libertarian Party marks.

> 10. Under the Lanham Act, in order for the Plaintiff to establish trademark infringement, the Plaintiff must show that (a) the plaintiff has a valid and legally protectable mark; (b) the defendant used the mark in interstate commerce; and (c) the defendant's use of the mark to identify goods or services causes a likelihood of confusion. Here, the Complaint fails on the second and third elements, as no interstate commerce has occurred and confusion is likely. All marketing was directed toward local membership. The defendant has taken no action that could be construed as diverting members or membership fees away from the national party.

Again, Mr. Dean has provided no support for these assertions and in fact they are not true nor accurate. There is no requirement for "interstate" commerce use by a Defendant in a Federal trademark action. Defendant's asserted facts are also in dispute, inaccurate (Defendant's actions have extended outside of the State of Virginia) and unsupported and cannot be the basis for a motion to dismiss. In addition, as an unsupported fact, without even a declaration as to its accuracy, it cannot be considered by the Court on a motion to dismiss.

Plaintiffs marks are Federally Registered, and entitled to enforcement in Federal Court. Defendants use of those trademarks has caused confusion and is likely to continue to cause confusion. Mr. Dean makes no citation of case law supporting any theory of relevance.

> 11. Venue is not proper at this action should have been filed in the Eastern District of Virginia. Plaintiff has also not addressed why venue is appropriate in this Division and/or whether the case should be transferred to the Norfolk Division of the Eastern District of Virginia.

No motion to transfer for venue has been made, however, Plaintiff does not object to

7

transferring venue to the Norfolk Division due to Defendant's residence in Virginia Beach.

## CONCLUSION

For the Foregoing reasons, Defendant's Motion to Dismiss should be denied.

June 20, 2023                             Respectfully Submitted,

                                                  **SILVERMAN THEOLOGOU LLP**

                                                  */s/ Douglas R. Blecki, Jr.*
                                                  Douglas R. Blecki, Jr., Esq.
                                                  Virginia Bar No. 79543
                                                  9097 Atlee Station Road, #218
                                                  Mechanicsville, VA 23116
                                                  Telephone: 301-468-4990
                                                  Email: dblecki@silvermanlegal.com

                                                **ATTORNEYS FOR PLAINTIFF LIBERTARIAN NATIONAL COMMITTEE, INC.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **LIBERTARIAN NAT'L COMMITTEE, INC.,** | |
|     Plaintiff, | |
|     v. | **CIVIL ACTION NO.: 3:23-cv-155** |
| **ROBERT KLOR DEAN,** | |
|     Defendant. | |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 20th day of June 2023, a copy of the foregoing Opposition to Defendant's Motion to Dismiss was mailed via first class mail, postage pre-paid to the last known address:

Robert Klor Dean
1204 Shawn Drive
Virginia Beach, VA 23453
***Pro Se Defendant***

                                           */s/ Douglas R. Blecki, Jr.*
                                           Douglas R. Blecki, Jr., Esq.
                                           Virginia Bar No. 79543
                                           9097 Atlee Station Road, #218
                                           Mechanicsville, VA 23116
                                           Telephone: 301-468-4990
                                           Email: dblecki@silvermanlegal.com
                                           ***Attorney for Plaintiff***