IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **LIBERTARIAN NATʹL COMMITTEE, INC.,**<br><br>    Plaintiff,<br><br>    v.<br><br>**ROBERT KLOR DEAN,**<br><br>    Defendant. | CIVIL ACTION NO.: 3:23-cv-155 |

**FINAL ORDER**

THIS DAY CAME THE PARTIES, on their stipulation and joint motion that the Court enter an Order making certain findings and granting certain relief as set forth herein;

UPON CONSIDERATION WHEREOF, and finding it proper to do so, the Court hereby FINDS as follows:

1. Plaintiff, Libertarian National Committee, Inc. (the "LNC"), is the National Committee of the Libertarian Party as defined by 52 U.S.C. §30101(14) and manages the business of the Libertarian Party throughout the United States at the national level.

2. The LNC is authorized to charter affiliates throughout the United States who are then authorized to charter sub-affiliates. Properly chartered sub-affiliates are licensed to use the LNC's federally registered trademarks.

3. As part of the management of the Party, the LNC has registered three trademarks with the USPTO that are associated and identified with its national and local political activities and affiliations, including:

    - "Libertarian Party" Reg. No. 2,423,459, and

    - "The Party of Principle" Reg. No. 2,423,459, and

    - the "Libertarian" logo Reg. No. 6,037,046.

    (collectively, the "LNC Registered Trademarks").

1

4. The LNC's trademarks and federal registrations are valid and subsisting and the LNC's "Libertarian Party" Reg. No. 2,423,459 and "The Party of Principle" Reg. No. 2,423,459 are incontestable.

5. Unauthorized use of the term "LIBERTARIAN PARTY," "THE PARTY OF PRINCIPLE," or the "Libertarian" logo, or any other name or mark or symbol that is likely to cause confusion as to association with the LNC, in connection with political activities or related services constitutes infringement of the trademark rights of the LNC.

6. Dean is the President of a Virginia non-stock, non-member corporation incorporated under the name "Tidewater Libertarian Party, Inc." (the "TLP Corporation").

IN CONSIDERATION WHEREOF, it is hereby ORDERED as follows:

1. Defendant is permanently enjoined from any and all use of any and all of the LNC Registered Trademarks, and marks confusingly similar thereto, without explicit written authorization of the LNC, including use as set forth above and any and all confusingly similar use.

2. Defendant shall dissolve or change the name of any and all corporate entities under his control that contain any of LNC Registered Trademarks in their name, including but not necessarily limited to the TLP Corporation. Defendant is likewise ordered to surrender, cancel, release, or otherwise discontinue any use or reservation of any fictitious name that includes any of the LNC Registered Trademarks.

3. To the extent that Defendant has ownership of any social media accounts or websites that include any of the LNC's registered trademarks in their name, Defendant shall (i) transfer ownership to the LNC's recognized sub-affiliate, the Libertarian Party of Hampton Roads, or (ii) change the name of such social media accounts and websites so as to eliminate LNC Registered Trademarks in their name, or (iii) deactivate such social media accounts and websites. To the extent that Defendant may be unable to exercise control over the current Facebook site

2

bearing the name, "Tidewater Libertarian Party", Defendant and the LNC shall work together in good faith to cause such Facebook site to be terminated or such name removed. Nothing contained herein shall be construed to create any obligation with respect to the blog known as "Tidewater Liberty", which is not owned by Defendant or by the TLP Corporation.

4. In order to avoid any confusion with the historic TLP Corporation, the LNC shall request that the LNC's Virginia affiliate, the Libertarian Party of Virginia, not charter any subaffiliate  (a) using the name "Tidewater" in conjunction with LNC's trademark, "Libertarian Party", or (b) representing itself as the organization responsible for any amicus briefs filed by the historic TLP Corporation.

5. Nothing contained herein shall be construed to preclude Defendant or any person acting in concert with Defendant from using the name "Tidewater Liberty Partners."

6. Insofar as the requirements of this Order apply to the Defendant, the same requirements shall also apply to any person acting in concert with the Defendant, including but not necessarily limited to the TLP Corporation. By his signature below, Robert K. Dean, in his capacity as President of the TLP Corporation, acknowledges that the TLP Corporation shall be bound by the terms of this Order.

7. This Court shall retain jurisdiction of this case for the purpose of enabling any of the parties to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Order, to modify or terminate any of its provisions, to enforce compliance, and to punish violations of its provisions. If it shall be made to appear to the Court that there has been a violation of any of the terms of this Order, upon motion, this Court may enter an order to show cause why the allegedly violating party should not be found in contempt. Nothing in this Order shall bar either party from seeking, or the Court from imposing,

against any party or any other person any other relief available under any other applicable provision of law for violation of this Order, in addition to or in lieu of the civil penalties provided for above.

      8.    Subject to the foregoing, this case is DISMISSED with prejudice.

Let the Clerk file a copy of this Order electronically and mail a copy to all parties not represented by counsel.

IT IS SO ORDERED.

                                                        /s/
                                      Roderick C. Young
                                      United States District Judge

Richmond, Virginia
June 29, 2023